This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-9,**

Plaintiff-Appellee,

v.                                                              **NO. 33,988**

**KENNETH BORREGO AND THE UNKNOWN SPOUSE OF KENNETH BORREGO, IF ANY,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Rose L. Brand & Associates, P.C.
Eraina Edwards
Albuquerque, NM

for Appellee

Joshua R. Simms, P.C.

Joshua R. Simms
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant Kenneth Borrego (Homeowner) appeals from the district court's entry of "summary judgment, decree of foreclosure, and appointment of special master" [RP 214] in favor of Plaintiff Bank of New York Mellon (the Bank). We issued a notice of proposed disposition proposing to affirm, and Homeowner has responded with a memorandum in opposition. We have carefully considered the arguments raised in that memorandum; however, for the reasons stated in the notice of proposed disposition and below, we continue to believe that summary affirmance is appropriate in this case. We therefore affirm the district court's decision.

{2}     Our notice proposed to hold that the Bank established its standing as a holder in due course of the note at issue on the basis that it had possession of the original note, indorsed in blank, at the time of the filing of the complaint. [RP 9, 22, 224-26] Further, we proposed to reject Homeowner's challenge to the Bank's standing based on the validity of a mortgage assignment by Mortgage Electronic Registration Systems, Inc. (MERS), based on our recent decision in *Flagstar Bank, FSB v. Licha (Flagstar I)*, ___-NMCA-___, ¶ 18, ___ P.3d ___ (No. 33,150, Feb. 18, 2015). We do

not reiterate our analysis here; instead, we focus on Homeowner's arguments in his memorandum in opposition.

{3} In response to our notice, Homeowner makes two arguments. First, he claims that the Bank "may be the holder of the note, but has not established it is the owner of the note." [MIO 2] Second, Homeowner concedes that with respect to the assignment of the mortgage, this issue has been resolved by our case law, but asks this Court to reconsider the issue. [MIO 2-5] We reject Homeowner's first argument because we perceive no distinction in this context between the words "holder" and "owner." We acknowledge Homeowner's citation to *Bank of New York v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1, [MIO 2] wherein our Supreme Court held that a party attempting to enforce a note has the "the burden of establishing timely *ownership* of the note and the mortgage to support its entitlement to pursue a foreclosure action." (Emphasis added). However, when read in context, it is clear that this statement in *Romero* was simply another way of saying that the party must be entitled to enforce the note. *See Flagstar Bank, FSB v. Licha (Flagstar II)*, ___-NMCA-___, ¶ 13, ___ P.3d ___ (No. 33,150, June 4, 2015) (citing paragraph in *Romero* containing "ownership" language Homeowner relies on for the proposition that plaintiffs in foreclosure actions "must demonstrate that they had the right to enforce the note" at the time the action is filed). Being a "holder," as defined by

3

NMSA 1978, Section 55-3-301 (1992), is one way of showing entitlement to enforce a note. *Romero*, 2014-NMSC-007, ¶¶ 20-21. In other words, being the "owner" is not a different or additional requirement of establishing the authority to enforce a note. *See Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶¶ 9-10, 336 P.3d 443 (explaining that "'holder' is a term of art" and carries with it the authority to enforce a note).

{4}     As for Homeowner's second argument, we acknowledge that this Court partially granted a motion for rehearing in *Flagstar I* and recently issued a different opinion in place of the opinion filed February 18, 2015. Nonetheless, the modification of the *Flagstar I* opinion does not change the outcome of this case. In this Court's opinion filed on June 4, 2015, we again rejected the homeowner's argument that the plaintiff lacked standing to enforce the note at issue because MERS lacked the authority to assign the note. *Flagstar II*, ___-NMCA-___, ¶ 17. As in *Flagstar II*, Homeowner's failure to "distinguish[] MERS' role in this case from MERS' role in *Romero,* does not undermine the Bank's standing in this case. *See Flagstar II,* ___-NMCA-___, ¶ 17. In short, there are no material distinctions to remove this case from the control of our opinion in *Flagstar II* and we therefore reject Homeowner's challenge to Plaintiff's standing based on the validity of a mortgage assignment by MERS.

{5}     Based on the foregoing as well as the discussion in the notice of proposed disposition, we affirm the district court's decision in this case.

{6}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**